Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 SW Birch Street, Ste. 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com


Attorney for Plaintiff: SUZANNE NA PIER


UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


| | |
|---|---|
| SUZANNE NA PIER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WHITTIER MARKETPLACE, LP,<br>a California limited partnership; and<br>DOES 2-10, inclusive,<br><br>Defendants. | **Case No**. 8:20-cv-01127-JLA-KES<br><br>**First Amended Complaint For Damages And Injunctive Relief For:**<br><br>1. **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325).** |


Plaintiff, SUZANNE NA PIER ("Plaintiff"), complains of Defendant

WHITTIER MARKETPLACE, LP, a California limited partnership; and Does 2-10

("Defendants") and alleges as follows:

## PARTIES

1.      Plaintiff is an adult California resident.  Plaintiff is substantially limited

in performing one or more major life activities, including but not limited to:

walking, standing, ambulating, and sitting.  As a result of these disabilities, Plaintiff

1

1  relies upon mobility devices, including at times a wheelchair, to ambulate. With

2  such disabilities, Plaintiff qualifies as a member of a protected class under the

3  Americans with Disabilities Act, 42 U.S.C. §12102(2) as amended by the ADA

4  Amendments Act of 2008 (P.L. 110-325) ("ADA") and the regulations

5  implementing the ADA set forth at 28 C.F.R. §§ 36.101 et seq.  At the time of

6  Plaintiff's visits to Defendants' facility and prior to instituting this action, Plaintiff

7  suffered from a "qualified disability" under the ADA, including those set forth in

8  this paragraph.  Plaintiff is also the holder of a Disabled Person Parking Placard.

9       2.     Plaintiff is informed and believes and thereon alleges that Defendant

10  WHITTIER MARKETPLACE, LP, a California limited partnership owned the

11  property located at 11719 Whittier Blvd., Whittier, CA 90601 ("Property") on or

12  around June 14, 2020.

13       3.     Plaintiff is informed and believes and thereon alleges that Defendant

14  WHITTIER MARKETPLACE, LP, a California limited partnership, owns the

15  Property currently.

16       4.     Plaintiff does not know the true name of Defendant, its business

17  capacity, its ownership connection to the Property serving US Donuts & Yogurt

18  ("Business"), or its relative responsibilities in causing the access violations herein

19  complained of.  Plaintiff is informed and believes that each of the Defendants herein,

20  including Does 1 through 10, inclusive, is responsible in some capacity for the

21  events herein alleged, or is a necessary party for obtaining appropriate relief.

22  Plaintiff will seek leave to amend when the true names, capacities, connections, and

23  responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

## JURISDICTION AND VENUE

25       5.     This Court has subject matter jurisdiction over this action pursuant

26  to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

27       6.     Venue is proper in this court pursuant to 28 U.S.C. §1391 because the

28  real property which is the subject of this action is located in this district and because

1    Plaintiff's causes of action arose in this district.

2                           **FACTUAL ALLEGATIONS**

3        7.     Plaintiff went to the Business on or about June 14, 2020 for the dual

4    purpose of purchasing donuts and to confirm that this public place of

5    accommodation is accessible to persons with disabilities within the meaning federal

6    and state law.

7        8.     The Business is a facility open to the public, a place of public

8    accommodation, and a business establishment.

9        9.     Parking spaces are one of the facilities, privileges, and advantages

10   reserved by Defendants to persons at the Property serving the Business.

11       10.    Unfortunately, although parking spaces were one of the facilities

12   reserved for patrons, there were no designated parking spaces available for persons

13   with disabilities that complied with the 2010 Americans with Disabilities Act

14   Accessibility Guidelines ("ADAAG") on June 14, 2020.

15       11.    At that time, instead of having architectural barrier free facilities for

16   patrons with disabilities, Defendants have: a built up curb ramp that projects from

17   the sidewalk and into the access aisle (Section 406.5). Furthermore, the curb ramp is

18   in excess of the maximum grade allowed by ADAAG specifications (Section 406.1).

19       12.    Subject to the reservation of rights to assert further violations of law

20   after a site inspection found *infra*, Plaintiff asserts there are additional ADA

21   violations which affect her personally.

22       13.    Plaintiff is informed and believes and thereon alleges Defendants had

23   no policy or plan in place to make sure that there was compliant accessible parking

24   reserved for persons with disabilities prior to June 14, 2020.

25       14.    Plaintiff is informed and believes and thereon alleges Defendants have

26   no policy or plan in place to make sure that the designated disabled parking for

27   persons with disabilities comport with the ADAAG.

28       15.    Plaintiff personally encountered these barriers.  The presence of these

barriers related to Plaintiff's disability denies Plaintiff her right to enjoy accessible conditions at public place of accommodation and invades legally cognizable interests created under the ADA.

16.     The conditions identified *supra* in paragraph 12 are necessarily related to Plaintiff's legally recognized disability in that Plaintiff is substantially limited in the major life activities of walking, standing, and ambulating; Plaintiff is the holder of a disabled parking placard; and because the enumerated conditions relate to the use of the accessible parking, relate to the slope and condition of the accessible parking and accessible path to the accessible entrance, and relate to the proximity of the accessible parking to the accessible entrance.

17.     As an individual with a mobility disability who relies upon a wheelchair and other mobility devices, Plaintiff has a keen interest in whether public accommodations have architectural barriers that impede full accessibility to those accommodations by individuals with mobility impairments.

18.     Plaintiff is being deterred from patronizing the Business and its accommodations on particular occasions, but intends to return to the Business for the dual purpose of availing herself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibilities under federal and state law.

19.     Upon being informed that the public place of accommodation has become fully and equally accessible, she will return within 45 days as a "tester" for the purpose of confirming their accessibility. *Civil Rights Educ. and Enforcement Center v. Hospitality Props. Trust*, 867 F.3d 1093, 1096 (9th Cir. 2017).

20.     As a result of her difficulty experienced because of the inaccessible condition of the facilities of the Business, Plaintiff was denied full and equal access to the Business and Property.

21.     The Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with

FIRST AMENDED COMPLAINT

disabilities.

22.     The violations identified above are easily removed without much difficulty or expense.  They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove.  Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

23.     Given the obvious and blatant violation alleged hereinabove, Plaintiff alleges, on information and belief, that there are other violations and barriers in the site that relate to her disability.  Plaintiff will amend the First Amended Complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection.  However, the Defendants are on notice that the Plaintiff seeks to have all barriers related to his disability remedied.  See *Doran v. 7-11,* 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, the plaintiff can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

24.     Without injunctive relief, Plaintiff will continue to be unable to fully access Defendants' facilities in violation of Plaintiff's rights under the ADA.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325)

25.     Plaintiff re-alleges and incorporates by reference all paragraphs alleged above and each and every other paragraph in this First Amended Complaint necessary or helpful to state this cause of action as though fully set forth herein.

26.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods, and services of any place of public accommodation are offered on a full and equal basis by anyone who owns,

1    leases, or operates a place of public accommodation.  See 42 U.S.C. § 12182(a).

2    Discrimination is defined, inter alia, as follows:

3        a.    A failure to make reasonable modifications in policies, practices,

4              or procedures, when such modifications are necessary to afford

5              goods, services, facilities, privileges, advantages, or

6              accommodations to individuals with disabilities, unless the

7              accommodation would work a fundamental alteration of those

8              services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

9        b.    A failure to remove architectural barriers where such removal is

10             readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  Barriers are

11             defined by reference to the ADAAG, found at 28 C.F.R., Part 36,

12             Appendix "D".

13       c.    A failure to make alterations in such a manner that, to the

14             maximum extent feasible, the altered portions of the facility are

15             readily accessible to and usable by individuals with disabilities,

16             including individuals who use wheelchairs, or to ensure that, to

17             the maximum extent feasible, the path of travel to the altered area

18             and the bathrooms, telephones, and drinking fountains serving

19             the area, are readily accessible to and usable by individuals with

20             disabilities.  42 U.S.C. § 12183(a)(2).

21       27.   Any business that provides parking spaces must provide accessible

22   parking spaces.  2010 Standards § 208.  Under the 2010 Standards, access aisles

23   shall be at the same level as the parking spaces they serve.  Changes in level are not

24   permitted.  2010 Standards § 502.4.  "Access aisles are required to be nearly level in

25   all directions to provide a surface for wheelchair transfer to and from vehicles." 2010

26   Standards § 502.4 Advisory.  Here the failure to provide a level access aisle in the

27   designated disabled parking space is a violation of the law and excess slope angle in

28   the access pathway is a violation of the law.

FIRST AMENDED COMPLAINT

28.    A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities.  28 C.F.R. § 36.211(a).

29.    Here, the failure to ensure that accessible facilities were available and ready to be used by Plaintiff is a violation of law.

30.    Given its location and options, Plaintiff will continue to desire to patronize the Business but she has been and will continue to be discriminated against due to lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## PRAYER

**WHEREFORE, Plaintiff prays that this court award damages provide relief as follows:**

1.    A preliminary and permanent injunction enjoining Defendants from further violations of the ADA, 42 U.S.C. § 12181 *et seq.* as amended by the ADA Amendments Act of 2008 (P.L. 110-325) with respect to its operation of the Business and Property.

2.    For reasonable attorneys' fees, litigation expenses, and costs of suit, pursuant to 42 U.S.C. § 12205.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this First Amended Complaint.

Dated: July 9, 2020                    **MANNING LAW, APC**

By: /s/ Joseph R. Manning Jr., Esq.
        Joseph R. Manning Jr., Esq.
        Attorney for Plaintiff

FIRST AMENDED COMPLAINT